IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clint Walker,<br><br>                    Petitioner,<br><br>v.<br><br>Nadia Pressley, *Administrator of the Williamsburg County Detention Center*,<br><br>                    Respondent. | C/A No. 4:23-cv-00135-SAL<br><br>**OPINION AND ORDER** |

*Pro se* petitioner Clint Walker ("Petitioner"), a state pretrial detainee, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter is before the court for review of the Report and Recommendation (the "Report") of Magistrate Judge Thomas E. Rogers, III, ECF No. 11, recommending that Petitioner's § 2241 petition be summarily dismissed.

## BACKGROUND

As outlined in the Report, Petitioner is currently being detained on a charge of murder and second-degree arson pending before the Williamsburg County Court of General Sessions. Petitioner has filed the instant habeas action to challenge the state court process, the evidence against him in state court, and actions by his counsel in that case. The Magistrate Judge recommends that Petitioner's § 2241 petition be dismissed without prejudice and without requiring Respondent to file a return. [ECF No. 11.] Petitioner filed objections, and the matter is thus ripe for ruling by the court. [ECF No. 13.]

1

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Matthews v. Weber*, 423 U.S. 261 (1976). A district court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report. In summation, Petitioner challenges a pending criminal case in Williamsburg County, South Carolina and seeks to be released.[1] [ECF No. 1.] The Magistrate Judge found that dismissal is appropriate on abstention grounds due to Petitioner's pending state proceedings and his ability to pursue his claims in state court. [ECF No. 11 at 2–6.]

---

[1] Prior to filing this case, Petitioner filed another action raising some of the same issues he raises here. *See Walker v. Pressley*, Case No. 4:21-cv-01837-SAL. In that case also, the Magistrate Judge has issued a Report and Recommendation recommending that the case be summarily dismissed based on the *Younger* abstention doctrine. In a separate order, this court is adopting the Report and Recommendation in that case and dismissing the petition in Petitioner's earlier filed case.

For the most part, in his objections Petitioner reargues the issues he raised in his petition. For example, he alleges flaws in the investigation, fabrication of evidence, and misconduct by the prosecution. He also complains of the representation he has received in his state criminal case. These reassertions of his arguments do not constitute specific objections that require additional explanation by this court. *Sims v. Lewis*, No. 6:17-cv-3344-JFA, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019) ("A specific objection . . . requires more than a reassertion of arguments from the [pleadings] or a mere citation to legal authorities.").

As far as specific objections to the Report, Petitioner takes issue with the Magistrate Judge's statement that the public docket does not reflect any hearings or trials in January 2022 despite Petitioner's allegation of a "bogus trial" on January 24, 2022. [ECF No. 11 at 2 (citing ECF No. 1 at 15).] However, in his objections, Petitioner clarifies that he went to court for a trial that day, but his case was continued. [ECF No. 13-2 at 1.] He expresses concern that "it looks like [he is] lying" if his court appearances are not part of the public docket. [ECF No. 13-2 at 3.] While Petitioner's clarification puts his earlier assertion of a "bogus trial" in context, it does not change the analysis regarding abstention in this case.

As explained by the Magistrate Judge, the *Younger* abstention doctrine precludes federal courts from intervening in ongoing state criminal proceedings, such as Petitioner's, "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)). One[2] of the criteria for determining if such

---

[2] As explained by the Fourth Circuit,

> [T]he Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: [(1)] there are ongoing state judicial proceedings; [(2)] the proceedings implicate important state interests; and [(3)] there is an adequate opportunity to raise federal claims in the state proceedings.

"narrow and extraordinary" circumstances are present is whether "there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Petitioner argues special circumstances exist in his case due to "improper methods" employed by an officer and the prosecution in his case. [ECF No. 13-3 at 1.] He expands upon that claim, arguing abstention is not appropriate due to alleged fabricated evidence, "perjury" by the Solicitor, and because he is represented by an "[a]ttorney [who] has ignored [his] concerns." *Id.* at 9–10. He claims he is being maliciously prosecuted and that he will be irreparably injured if the prosecution is allowed to continue. *Id.* In a letter filed after his objections,[3] Petitioner alleges the State has delayed his prosecution "to bolster the case by adding illegally seized items and sent them to S.L.E.D." [ECF No. 16 at 1.]

Based on the information provided by Petitioner and the information available on the state court docket,[4] the issues Petitioner articulates can be raised as part of his criminal trial or, if he is

---

*Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). The Report explains how all three prongs are satisfied here, and Petitioner's objections only implicate the third prong. As such, the court focuses on the third prong in this Order.

[3] Petitioner has filed three separate letters since he submitted his objections. [*See* ECF Nos. 15, 16, 18]. To the extent those letters are supplements to his objections, the court has reviewed them, but the substance of those letters is generally consistent with what Petitioner submitted in his objections. Mostly, his arguments do not qualify as specific objections because he merely reargues the issues raised in his petition.

[4] The Court may take judicial notice of factual information located in postings on government web sites. *See Tisdale v. South Carolina Highway Patrol*, C/A No. 0:09-1009-JFF-PJG, 2009 WL 1491409, *1 n.1 (D.S.C. May 27, 2009), *aff'd* 347 F. App'x 965 (4th Cir. Aug. 27, 2009); *In re Katrina Canal Breaches Consolidated Litig.*, No. 05-4182, 2008 WL 4185869, at *2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, 585 F. Supp. 2d 679, 687–88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-

5

convicted, in a post-conviction relief action. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). There is no indication that Petitioner will not have an adequate opportunity to raise his claims. *See Martin Marietta Corp.*, 38 F.3d 1392, 1396 ("The [*Younger*] doctrine . . . recognizes that state courts are fully competent to decide issues of federal constitutional law." (citing *Lynch v. Snepp*, 472 F.2d 769, 774 (4th Cir. 1973))). Furthermore, to the extent Petitioner has raised a speedy trial claim in this action, there is no indication he has filed anything in the state court to enforce that right. *See Kane v. State of Va.*, 419 F.2d 1369, 1373 (4th Cir. 1970) (finding a petitioner must seek to enforce his right to a speedy trial in state court and then seek dismissal of his charges based on an unconstitutional delay before proceeding on the same claim in habeas). Additionally, the information provided by Petitioner indicates the State has attempted to proceed with the criminal trial but defense counsel has delayed the matter. [See ECF No. 13-2 at 11–12 (letter from the Assistant Solicitor).] In any event, Petitioner informs the court he is scheduled to be tried in April 2023. The court agrees with the Magistrate Judge that Petitioner's claims may be raised in state court through motions, and this court is precluded from interfering in the state criminal matter at this point. For these reasons, the court overrules all of Petitioner's objections.

---

authenticating). The dockets for Petitioner's PCR action is found online. *See* Case Nos. 2018A4510100673 (murder), 2018A4510100700 (second-degree arson), Williamsburg County Third Judicial Circuit Public Index, https://publicindex.sccourts.org/Williamsburg/PublicIndex/PISearch.aspx (last accessed March 9, 2023). Petitioner expresses some concern about what is contained on the state court docket, but not all of the type of information Petitioner references would necessarily be included on the docket. For purposes of this matter, it is apparent Petitioner is currently facing state criminal charges, and things are happening in his case—it is not stalled.

6

There are procedures in place that protect Petitioner's constitutional rights without this court's pre-trial intervention, and the court finds Petitioner will not suffer irreparable injury by this court's dismissal of his petition. *See Gilliam*, 75 F.3d at 903; *Younger*, 401 U.S. at 43–44. Consequently, this court abstains from intervening in Petitioner's ongoing state proceedings.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the court hereby adopts the Report and Recommendation, ECF No. 11. For the reasons discussed above and in the Report, Petitioner's § 2241 petition is dismissed without prejudice and without requiring Respondent to file an answer or return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[5]

**IT IS SO ORDERED.**

March 27, 2023                                                              s/ Sherri A. Lydon
Columbia, South Carolina                                           United States District Judge

---

[5] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."